UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CARLOS GUARISMA, LANI WOODS and LORI ZARAGOZA, individually, and on behalf of others similarly situated, ) ) ) ) | **CLASS ACTION** |
| Plaintiffs, ) ) | |
| v. ) ) | No. 1:18-cv-24351-JEM |
| ALPARGATAS USA, INC., a Delaware corporation, d/b/a HAVAIANAS, ) ) ) | |
| Defendant. ) ) | |

**Unopposed Motion to Amend Order Granting
Preliminary Approval of Settlement and Directing Notice to the Class**

Plaintiffs move to amend the order granting preliminary approval of the class action settlement [ECF No. 30] to extend the due date for sending notice of the Settlement to class members, and related dates, by ninety days. The extension is needed because efforts to identify and locate Settlement Class Members are taking more time than anticipated thanks to the COVID-19 pandemic and other issues. Defendant does not oppose this request.

In support of this unopposed motion, Plaintiffs state:

**Argument**

1. On February 27, 2020, the Court entered an Order Certifying the Settlement Class, Granting Preliminary Approval of Settlement, and Directing Notice to the Class. [ECF No. 30].

2. Because Defendant did not have full identifying and contact information for the class, Plaintiff proposed to obtain that information based on the credit and debit card transaction data Defendant did possess in conjunction with subpoenaing the credit card processing

1

companies and card-issuing banks once Defendant provided the transaction data. Class Counsel have successfully employed this straightforward administrative process to identify and obtain contact information to send class notice[1] in many other FACTA cases. Based on the time needed in similar cases to obtain this information from third parties, process it, and prepare and send out notice, Plaintiffs' motion for preliminary approval requested a number of months to do this work, and the Court granted Plaintiffs until June 27, 2020 to complete the process [ECF No. 30, p.11].

3. Unfortunately, shortly after entry of the order, states began issuing lockdown orders in response to the COVID-19 pandemic, dramatically slowing all aspects of work, which have required several months of adjustment, and to this day affect and prevent normal operation.

4. Despite this situation, Class Counsel have diligently worked to try to gather the information needed to identify and locate class members. This includes working with Defendant to help it identify and produce the information in its possession Class Counsel needs to help locate class members, as well as identify third-party custodians of that information; and subpoenaing the third-party custodians to gather class-related information.

5. This also involved spending time working with Defendant to try to resolve a shortcoming in its class transaction data. In Class Counsel's experience, merchants normally retain the first six and last four digits of credit and debit card numbers used in the merchant's transactions. The first six digits help counsel find the cardholder (*i.e.* the class members here)

---

[1] In cases certified under Federal Rule 23(b)(3), like the instant case, the form and method of giving notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Juris v. Inamed Corp.*, 685 F.3d 1294, 1304, fn.5 (11th Cir. 2012). This means direct mail notice to those class members who can be found, and publication notice for those class members whose names and addresses cannot be found, after reasonable efforts. *See*

because they identify the card-issuing bank, and other details. *See Altman v. White House Black Mkt., Inc.*, 2018 U.S. Dist. LEXIS 169828 at *4, n.4 (N.D. Ga. Feb. 12, 2018). In turn, the card-issuing bank has name and address information for the class member cardholders. Accordingly, Class Counsel spent a considerable amount of time working with Defendant to try to facilitate its acquisition of complete first-six digit card information for the transactions at issue.

6. Class Counsel then began subpoenaing companies that, according to Defendant, had processed or were involved in processing the credit and debit card transactions that gave rise to the class members' claims, to enable Class Counsel to identify class members and obtain their contact information.

7. For American Express and Discover transactions, this is normally a one-step process because these companies often process transactions involving their own cards. Thus, using Defendant's transaction data, Class Counsel was able to identify which transactions involved a Discover or American Express card, and directly subpoena these entities for the names and addresses of account holders for the transactions. However, these two card brands accounted for about an eighth of the transactions at issue and thus, although American Express and Discover produced the class member information they have, the number of class members identified from them to date totaled 6,908.

8. For Visa and MasterCard transactions, a two-step process is ordinarily required to subpoena class member identifying and contact information because Visa and MasterCard do not themselves have cardholder identifying or contact information. First, using the class transaction data for those purchases involving a Visa or MasterCard, Class Counsel subpoena the company

---

*Id.* at 1321 ("Where certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate.").

that processed these transactions to get the full card account number used in each transaction. Second, Class Counsel then use the full card number and bank-identifying information to subpoena the card-issuing banks, to get the cardholder name and contact information associated with those card numbers.

9. In this instance the process has been hampered by unexpected difficulties identifying the entity that actually processed Visa/MasterCard transactions. Class Counsel was originally advised the processor was a company named Authorize.net, which Class Counsel subpoenaed, only to learn weeks later that it was not the processor.[2] Further, Class Counsel was misinformed a second entity identified as potentially being involved in processing the transactions, EVO Payments, Inc., was jointly owned with Authorize.net, and had no different information than Authorize.net which, if true, meant the actual processor had yet to be found.

10. Class Counsel subsequently learned EVO is not jointly owned with Authorize.net, but actually a separate, unrelated entity, and that its business actually involves processing card payments (and not simply acting as an Internet gateway for such processing). Accordingly, Class Counsel subpoenaed EVO to try to obtain the card account number information for the Visa/MasterCard transactions at issue. At this time, EVO's response is past due, and Class Counsel is working to try to resolve the situation (which may be related to the COVID-19 shutdown) and secure the data, so Class Counsel can use it to subpoena the banks and obtain full class member name and contact information for the Visa/MasterCard transactions.

11. However, until counsel obtain the name and contact information for those transactions, it is impossible to send notice to the class at this time. Accordingly, Plaintiffs

4

request additional time to resolve the situation with EVO and subpoena the card-issuing banks for class member name and contact information. Barring other or continued difficulties, Class Counsel anticipate that an additional ninety days will be sufficient.

12. Accordingly, Plaintiffs request that the Court amend the preliminary approval order (ECF No. 30 at p.11) to extend the due date for sending notice to class from June 27, 2020 to September 25, 2020, to allow this additional needed time to finish gathering class member identifying and contact information to make it possible to give class members the best notice practicable as required by Federal Rule 23(c)(2)(B).

13. Plaintiffs also accordingly request he final approval hearing and due date for filing submissions in connection with the same be extended in tandem with the extension of the due date for sending notice, which are set forth below and in the preliminary approval order order (ECF No. 30 at p.12).

14. Pursuant to Rule 6(b), when an act must be done within a specified time, this Court can extend the time to do so for "good cause." Fed. R. Civ. P. 6(b).

15. Good cause exists for this relief as Class Counsel have been diligent in attempting to obtain the class member contact information, and the additional time is needed to comply with Federal Rule 23 and send notice of the settlement to the class as directed by the Court.

## Conclusion

For this unopposed motion, Plaintiffs request that the Court amend the Order Granting Preliminary Approval of Settlement and Directing Notice to the Class [ECF No. 30], as follows:

---

[2] Instead it simply provided the Internet payment gateway used to send card transaction data

| | |
|---|---|
| ~~June 27, 2020~~ September 25, 2020 | Deadline for notice of the settlement to be sent to the Settlement Class Members |
| ~~June 27, 2020~~ September 25, 2020 | Deadline for any petition for an award of attorneys' fees and expenses |
| ~~August 26, 2020~~ November 24, 2020 | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) |
| ~~August 26, 2020~~ November 24, 2020 | Deadline for Settlement Class Members to Submit a Settlement Claim Form (Claim Deadline) |
| ~~September 15, 2020~~ December 15, 2020 | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper Requests for Exclusion (under seal);<br>(2) Proof of Class Notice;<br>(3) Motion and memorandum in support of final approval;<br>(4) Response to any objections; and<br>(5) Settlement Class Member Notice of Intent to Appear at the Fairness Hearing |
| ~~September 29, 2020~~ December 29, 2020 at 3:00 p.m. | Final Approval Hearing |

A proposed order is attached, and being submitted to chambers per L.R. 7.1(a)(2).

**Certification under Local Rule 7.1(a)(3)**

All issues regarding this motion have been resolved by agreement, and Defendant does not oppose the relief requested in this motion.

---

from Defendant's stores to the transaction processor.

*/s/ Keith J. Keogh*
Keith J. Keogh, Fla. Bar No. 0126335
KEOGH LAW, LTD.
Suite 3390
55 West Monroe Street
Chicago, IL 60603
Ph. 312.374.3403 (direct)
Ph. 312.726.1092 (main)
Fax 312.726.1093
keith@KeoghLaw.com

Scott D. Owens, Fla. Bar No. 597651
SCOTT D. OWENS, ESQ.
Suite 235
3800 South Ocean Drive
Hollywood, FL 33019
Ph. 954.589.0588
Fax 954.337.0666
scott@scottdowens.com

BRET L. LUSSKIN, ESQ.
Suite 302
20803 Biscayne Boulevard
Aventura, FL 33180
Ph. 954.454.5841
Fax 954.454.5844
blusskin@lusskinlaw.com

Class Counsel

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 15, 2020, on all counsel for parties of record.

*/s/Scott D. Owens*
Scott D. Owens